STATE HIGHWAY COMMISSION, Respondent v.
BEETS et ux, Appellants

(224 N.W. 2d 567)

(File No. 11356. Opinion filed December 16, 1974)

Kermit A. Sande, Atty. Gen., and Carl W. Quist, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

A. P. Fuller, of Kellar & Kellar & Fuller, Lead, for defendants and appellants.

DUNN, Chief Justice.

A Lawrence County jury awarded defendants the sum of $11,000 from the plaintiff, State of South Dakota, for the taking of property for highway purposes. Defendants appeal contending that (1) the trial court erred in not admonishing the jury to disregard a statement of plaintiff's counsel during final argument to the effect that the jury was determining the value of real property for condemnation purposes from Spearfish all the way to the Wyoming border, and (2) the trial court erred in not permitting defendants to make an offer of proof as to what the witness Eddy's excluded testimony would be. We reverse.

During closing argument, counsel for the State of South Dakota stated:

"Now, your job here today as I see it is to decide what the State of South Dakota is going to pay for land running from north of Spearfish clear to the Wyoming line."

Upon objection by the defendants that the statement was prejudicial and an incorrect measure of damages, the trial court overruled the objection in the following language:

"Well, I think it is clear, however, that other land is going to be affected by the valuation put on this and I think it's fair comment."

The statement of counsel did not embody the correct measure of damages, that is, the highest reasonable market value of the condemnees' own property. City of Huron v. Jelgerhuis, 1959, 77 S.D. 600, 97 N.W.2d 314. It is the extravagant type of statement of counsel which is not necessarily prejudicial if the trial court corrects it and admonishes the jury to disregard the statement. In this case, however, the court not only refused to admonish the jury but indicated that "other land is going to be affected by the valuation put on this and I think it's fair comment."

Ordinarily, the rule in this court as to statements of counsel is as set out in Rogers v. Black Hills Speedway, Inc., 1974, 88 S.D. 169, 217 N.W.2d 14:

"The trial judge was there and heard the argument
and he is given wide discretion in deciding whether
arguments of counsel were prejudicial."

This rule, of course, is not appropriate where the trial court has
compounded the error by placing the court squarely behind the
incorrect statement of the law. We have held that prejudicial
error is " 'error as in all probability must have produced some
effect upon the final result of the trial, namely, the verdict of the
jury.' " State v. Reddington, 1963, 80 S.D. 390, 125 N.W.2d 58.

■ While it is true that the instructions of the court did set
out the proper measure of damages, there nevertheless remains a
grave question whether the jury felt free to consider the over-all
cost of this entire right-of-way in its deliberations as to the
damages to be awarded these defendants for their tract. This
erroneous statement, expressly approved by the court, came at
the close of the trial and after other instructions had been read to
them. We conclude that the statement of counsel as approved by
the court constituted prejudicial error.

■ As the matter is going back for retrial, we will also
consider the other assignment of error. Defendants only assigned
as error the fact that the trial court refused to permit an offer of
proof as to what the substance of Mr. Eddy's testimony would be.
SDCL 15-6-43(c) provides:

"In an action tried by a jury, if an objection to a
question propounded to a witness is sustained by the
court, the examining attorney may make a specific offer
of what he expects to prove by the answer of the wit-
ness. The court may require the offer to be made out of
the hearing of the jury. The court may add such other
or further statement as clearly shows the character of
the evidence, the form in which it was offered, the ob-
jection made, and the ruling thereon. In actions tried
without a jury the same procedure may be followed, ex-
cept that the court upon request shall take and report
the evidence in full, unless it clearly appears that the
evidence is not admissible on any ground or that the
witness is privileged."

The assignment of error might better have been that the trial court erred in refusing to admit the testimony of Eddy as a neighboring property owner. However, the assignment of error adequately pointed out to counsel and to this court the error alleged to exist and satisfies the purpose of SDCL 15-29-6. Both parties argued the refusal of the trial court to admit Eddy's testimony in their briefs as though it had been properly assigned as error. The trial court did not hear the offer of proof requested when it was most timely made and probably should have done so. The offer of proof was made in chambers later in the trial and prior to the close of the defendants' case in chief. The trial court refused the offer of proof finding the witness was not qualified, presumably as he lacked expertise. This court's most recent pronouncement on the qualifications of neighboring property owner witnesses is found in State Highway Comm. v. Hayes Estate, 1966, 82 S.D. 27, 140 N.W.2d 680, as follows:

> "Whether a witness is properly qualified to render an opinion as to value is a preliminary question of fact to be determined by the trial court and generally a wide discretion is allowed. * * * Neighboring property owners usually are permitted to express such opinion on the theory that being owners they are necessarily acquainted with values. Of course, the witness should be familiar with the property taken or damaged, but the extent of his knowledge and familiarity as the foundation for such opinion rests largely with the trial court and its decision will ordinarily not be disturbed unless clearly erroneous."

Thus, we give wide discretion to the trial court on the qualifications of a neighboring property owner witness, and we will not ordinarily disturb this decision. However, we do think it is important that the trial court make its decision on the proper grounds. Here the court stated:

> "For the record, the Court has consistently sustained the objection of the State to any statement of opinion by James Eddy who has testified that he is a neighbor and he is familiar with the land, has seen it, been over it, and the Court has sustained the objection because *he*

*has shown no qualifications as an appraiser either by background or experience."* (emphasis supplied)

Neighboring property owners are permitted to testify not because of "qualifications as an appraiser either by background or experience," but rather, as pointed out in State Highway Comm. v. Hayes Estate, supra, "to express such opinion on the theory that being owners they are necessarily acquainted with values." This court has never held neighboring property owner witnesses to the standard of professional appraisers.

Reversed and remanded for new trial.

WOLLMAN and DOYLE and COLER, JJ., concur.

WINANS, J., dissents.