**K & E LAND AND CATTLE, INC., a corporation, Plaintiff and Appellee,**

v.

**John MAYER, Defendant and Appellant.**

No. 13638.

Supreme Court of South Dakota.

Argued September 10, 1982.

Decided March 2, 1983.

Rehearing Denied March 30, 1983.

Ronald D. Campbell of Heidepriem, Widmayer & Campbell, Miller, for plaintiff and appellee.

Steven K. Rabuck of Andera & Rabuck, Chamberlain, for defendant and appellant; Leonard E. Andera of Andera & Rabuck, Chamberlain, on the brief.

HENDERSON, Justice.

### ACTION

John Mayer (appellant) appeals from a judgment entered pursuant to a jury verdict awarding K & E Land and Cattle, Inc. (appellee) $199.60 damages in tort, $598.80 treble damages pursuant to SDCL 22–34–2 and $7,000.00 punitive damages under SDCL 21–3–2.

### FACTS

Appellant Mayer and appellee K & E are adjoining landowners in Elvira Township, Buffalo County, South Dakota. Appellee K & E owns Section 22 and the Northeast Quarter of the Northeast Quarter of Section 27. Section 22 sits immediately north of Section 27. Appellant Mayer owns the balance of the North Half of Section 27. The legal issues herein arise from a fence built on or near the right-of-way between the two sections.

Appellant Mayer has two steel grain bins which, depending upon the survey used as a basis of measure, sit either on the northernmost edge of the eastern side of Section 27 or on the actual right-of-way. On a July 1980 visit to his bins, appellant Mayer noticed survey stakes. Kenneth Wulff, acting on behalf of K & E, informed appellant Mayer that he was going to construct a new fence between the sections. This fence was farther south than appellant Mayer thought it should be; however, appellant Mayer orally agreed to the fence erection and placement providing it would not prevent access to his bins. Appellant Mayer also agreed to help pay for the fence. Thereafter, Kenneth Wulff, again acting on behalf of the family corporation, had his brother-in-law construct a fence at a cost of $1,652.96.

On November 11, 1980, both parties attended a trapshoot at the American Legion Club in Gann Valley. Alcohol was freely consumed by both. During the evening, Kenneth Wulff presented appellant Mayer with an $826.40 fencing bill. Appellant Mayer responded that the bill was too high but offered to pay $200.00. Appellant Mayer contends that Kenneth Wulff, at this time, told him that he was going to have to move his bins but Wulff denies this.

Appellant Mayer then told Wulff that he was going to tear the fence out. True to his word, appellant Mayer immediately returned home, mounted a tractor and proceeded to tear out 165 feet of fence before his tractor became entangled. The next day, Wulff surveyed the damage, and shortly thereafter reconstructed the damaged portion of the fence at a cost of $199.60. K & E, by amended complaint, brought suit for: 1) breach of oral contract to construct the fence, $826.40; 2) tortious destruction of property and treble damages under SDCL 22–34–2; and 3) $10,000.00 punitive damages under SDCL 21–3–2.

Thereafter, appellant Mayer had a survey conducted to determine the division line

between the sections. However, this survey placed the section line even further south than set forth in appellee's survey. According to appellant Mayer's survey, the grain bins are on the 66-foot right-of-way.

At trial, considerable evidence was introduced concerning survey techniques. Although appellant Mayer admitted tearing out a portion of the fence, he contended that he had a right to remove the fence as it was obstructing the right-of-way or, in the alternative, that the fence was an encroachment upon his property. Appellee contended that appellant Mayer destroyed the fence with malice. In oral argument before this Court, appellant's counsel admitted that his client had acted with malice. All factual and damage questions were submitted to the jury and a verdict was returned for appellee as follows: 1) for breach of contract, although no damages were allowed for the breach; 2) $199.60 for tortious damage to the fence and $598.80 as treble damages (3 × $199.60); and 3) $7,000.00 punitive damages. A judgment was entered which did not include the $199.60 damages included in the jury verdict. A motion for judgment n.o.v. was presented and the trial court entered an amended judgment which included the $199.60 damages.

## ISSUES

### I.

IS THE RECOVERY OF TREBLE DAMAGES PURSUANT TO SDCL 22–

34–2 DUPLICATIVE OF A RECOVERY OF PUNITIVE DAMAGES UNDER SDCL 21–3–2? WE HOLD THAT IT IS.

### II.

WAS THE $7,000.00 AWARD TO APPELLEE BY WAY OF PUNITIVE DAMAGES EXCESSIVE? WE HOLD THAT IT WAS NOT.

### III.

DID THE TRIAL COURT ERR IN ITS JURY INSTRUCTIONS AND HOLDING AS REGARDS THE RIGHT–OF–WAY AND THE FENCE? WE HOLD THAT ALTHOUGH IT DID, THE ERROR WAS HARMLESS.

### IV.

DID THE TRIAL COURT ERR IN REFUSING TO GRANT JUDGMENT FOR DEFENDANT ON COUNT I IN CONTRACT AFTER THE JURY RETURNED A VERDICT FOR NO DAMAGES? WE HOLD THAT IT DID.

## DECISION

### I.

Appellant Mayer contends that an award of treble damages under SDCL 22–34–2 and punitive damages under SDCL 21–3–2 is a duplication of penal damages.[1] We agree.

---

1. SDCL 21–3–2 provides:

    In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, or in any case of wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, in disregard of humanity, the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant.

    SDCL 22–34–1 provides:

    Any person who intentionally injures, damages, or destroys public property without the lawful consent of the appropriate governing body having jurisdiction thereof, or private property in which other persons have an inter-

est, other than by arson under chapter 22–33, without the consent of the other persons is punishable according to the following schedule. Where the damage to property is twenty dollars or less the person is guilty of intentional damage to property in the third degree, which is a Class 2 misdemeanor. Where the damage to property is two hundred dollars or less but more than twenty dollars, the person is guilty of intentional damage to property in the second degree, which is a Class 1 misdemeanor. Where the damage to property is more than two hundred dollars, the person is guilty of intentional damage to property in the first degree, which is a Class 4 felony.

And SDCL 22–34–2 provides:

Any person who violates § 22–34–1, in addition to the punishment prescribed therefor, is

A threshold problem exists with the application of SDCL 22–34–1 and SDCL 22–34–2 herein. SDCL 22–34–1 is a criminal statute. Thus, *if* appellant Mayer would have been prosecuted under SDCL 22–34–1, he would have had the safeguards of the criminal burden of proof and criminal procedure. SDCL 22–34–2 provides that a violator of SDCL 22–34–1 is also liable for multiple punitive damages in a civil action.

While it is undisputed that the same act can be the basis of both a tort and a crime, SDCL 22–34–2 is dependent upon SDCL 22–34–1 which is without any tort basis. We are unable to find that appellant has violated SDCL 22–34–1 as he has not been prosecuted under that statute. Therefore, SDCL 22–34–2 is inapplicable to the case at bar. As is noted in 25A C.J.S. *Damages* § 195 (1966), "It must clearly appear that the jury found for plaintiff under the statutory cause of action in which multiple damages are authorized, and not for any other cause, in order to permit the imposition of such damages . . . ."

Even if SDCL 22–34–2 were based in tort, another difficulty would persist. SDCL 22–34–2 is a multiple damage statute and SDCL 21–3–2 is a punitive damage statute. *See generally,* D. Dobbs, Handbook on the Law of Remedies § 5.5 at 346 (1973). Professor Dobbs identifies our issue herein: "Aside from problems of complying with detailed provisions of each statute, two major issues are raised. First, if multiple damages are recovered, can the plaintiff also recover punitive damages in a proper case?" *Id.* at 347. Dobbs concludes: "Where the plaintiff seeks the statutory measure of damages, however, it seems unduly harsh to allow both multiple damages under the statute and punitive damages, at least where multiple damages are based on a finding of willfulness."

■ We agree that the duplication of damages of the same nature and purpose is to be avoided. We deem that duplication of penal damages herein is unwarranted and accordingly reverse the award of treble

damages allowed under SDCL 22–34–2. Thus, we remand this issue with directions to remove the award of $598.80. The amended judgment for $199.60 actual damages for tortious damage to the fence is affirmed.

## II.

■ Appellant Mayer asserts that the award of punitive damages herein was excessive. We have recently reviewed punitive damage awards. *Hulstein v. Meilman Food Indus.,* 293 N.W.2d 889 (S.D.1980). After examining the *Hulstein* factors in light of the factual setting herein, we are unconvinced that a $7,000.00 award of punitive damages was given under passion, prejudice, or clearly excessive. Appellant Mayer is a man of considerable financial net worth, who after consuming alcohol then intentionally set about to destroy his neighbor's fence at night. The jury obviously believed it was a malicious act which warranted substantial punitive damages. We are unable to conclude that the award of punitive damages herein is so large "as to shock the sense of fair-minded men . . . ." *Hulstein,* 293 N.W.2d at 892. The punitive damage award of $7,000.00 is accordingly affirmed.

## III.

■ Appellant Mayer urges that SDCL 31–18–1 essentially provides that along every section line in South Dakota there is a public right-of-way by operation of law unless a portion has been vacated or otherwise relocated by direction of an authorized officer, board, or tribunal. SDCL 31–18–3 further provides that the board of county commissioners has the power to vacate or change a section line public right-of-way. However, there is a method under SDCL 31–25–1 to allow the fencing of an unimproved section line if notice and a hearing are provided. Thus, two parties cannot simply agree to fence off a section line right-of-way without following a statutory procedure.

liable in treble damages for the injury done, to be recovered in a civil action by the owner of

the property or public officer having charge thereof.

Here the record is devoid of evidence that the public right-of-way between Sections 22 and 27 was altered in compliance with SDCL 31–25–1 or SDCL 31–18–1. Thus, the best evidence of the placement of the right-of-way is the surveys that were completed to ascertain such.

Although appellant's contentions about the fencing and section line public right-of-way are correct, they are not controlling as to the outcome herein. Appellant fails to cite and we are unable to locate any authority for the proposition that even if the fence were constructed on the right-of-way (depending upon which survey is used as a basis of measure) that appellant had the right to destroy it.

Although the jury was incorrectly instructed that the fence was a partition fence, the error is harmless because regardless of which type of fence appellant destroyed, according to *both* surveys the fence was not on his property. Thus, he had no right to destroy it and such destruction was a malicious act under the facts presented. Prejudicial error is that which in all probability must have produced some effect upon the final result and affected rights of the party assigning it. *Matter of M.B.*, 288 N.W.2d 773 (S.D.1980); *Larson v. Locken*, 262 N.W.2d 752 (S.D.1978); *State Highway Comm'n v. Beets*, 88 S.D. 536, 224 N.W.2d 567 (1974).

### IV.

Appellant Mayer asserts that the trial court should have granted his request for a judgment on appellee's cause of action on breach of contract since the jury returned a verdict of no damages. We recently addressed this issue for the first time and we held:

> Although this court has never addressed the issue presented here, other jurisdictions have held that a verdict expressing a finding for plaintiff but awarding no damages is in fact and law a verdict for the defendant. *Neal v. Wailes*, 346 P.2d 132 (Wyo.1959); *Fischer v. Howard*, 201 Or. 426, 271 P.2d 1059 (1953); *Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949).

> The court is empowered to amend the verdict, correcting manifest errors of form, to make it conform to the intention of the jury. Therefore, it should have amended the verdict and entered judgment for defendant.

*Lewis v. Storms*, 290 N.W.2d 494, 498 (S.D. 1980).

Therefore, we reverse and remand the trial court's decision on Count I to reflect that this aspect of the verdict was for appellant Mayer.

We have reviewed the other issue pertaining to a juror who was not eligible to sit on the jury panel and find it without merit as no formal challenge for cause was made by appellant.

Affirmed in part, reversed and remanded in part.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

MORGAN, J., concurs in result.