### In the Matter of the ESTATE OF Lester I. JONES, Deceased.

### No. 14412.

Supreme Court of South Dakota.

Argued May 21, 1984.

Decided June 19, 1985.

consent to such an act in violation of SDCL 22–22–1(2).

Derald W. Wiehl of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for appellants.

John H. Zimmer of Zimmer, Richter & Duncan, Parker, for appellees.

JOHNSON, Circuit Judge.

This is an appeal from a judgment denying probate of a will. We affirm.

In 1974, Lester I. Jones executed a last will and testament bequeathing his property to a niece, two nephews, a grandniece and a grandnephew. The will specifically disinherited another nephew.

On November 6, 1979, Jones executed another will. In this instrument Jones revoked all prior wills, disinherited all of his

relatives (appellees), bequeathed his farm land and irrigation equipment to appellant William Harold Hansen, bequeathed his bank stock, cash, silver bars, and coin collection to Centerville banker John Thompson, and provided an order of priority in which assets would be subject to death taxes and expenses of administration.

Jones died on January 6, 1980. The 1979 will was offered for probate and a will contest resulted. Following a trial of the issues, the trial court determined that the 1979 will was a product of undue influence exercised upon Jones by appellant and Thompson and denied probate.

On appeal this court reversed the trial court's finding that appellant had a predisposition to exert undue influence upon Jones. *Matter of the Estate of Jones*, 320 N.W.2d 167 (S.D.1982). The case was remanded to the trial court for rehearing on the question of whether the 1979 will could be given partial validity under the guidelines set forth in *In re Estate of Lloyd*, 85 S.D. 657, 189 N.W.2d 515 (1971).

After hearing additional evidence, including the opinion testimony of two South Dakota probate attorneys, the trial court again denied probate of the entire 1979 will. The court found (1) that it was not possible to know to what extent the 1979 will was tainted by Thompson's undue influence; (2) that it was not practicable to ascertain what provisions of the will were the product of undue influence and what provisions, if any, were free from it; and, (3) that the bequest to Hansen in the 1979 will, if given validity, would defeat the manifest intent of the testator contained in the 1974 will, interfere with the testator's general scheme of distribution, and work an injustice to the other heirs.

Appellant contends that the findings of fact are clearly erroneous. Additionally, appellant claims that the trial court abused its discretion by allowing the opinion testimony of the probate attorneys, and by denying his motions for continuance and his offered rebuttal testimony.

■ The test for determining partial validity of a will was set forth by this court in *In re Estate of Lloyd*, quoting 57 Am.Jur. *Wills* § 366, *supra:*

[T]he general rule is that parts of a will may be held valid notwithstanding other parts are invalid on account of undue influence exercised upon the testator, provided the parts so affected are separable so that the will remains intelligible in itself if the invalid parts are deleted upon probate. In other words, the valid portions of the will may stand and be admitted to probate, although other parts are denied probate, or are set aside, as obtained through undue influence, unless the provisions are so interdependent that the valid cannot be separated from the invalid without defeating the general intent of the testator. *Id.* 189 N.W.2d at 520, 521.

For appellant to prevail on the issue of partial validity, he must prove by a preponderance of the evidence that Jones intended to revoke his 1974 will and replace it with the 1979 will, independent of any undue influence by Thompson.

■ Appellant presented testimony from various witnesses that Jones expressed an intent to disinherit his relatives from as early as the mid-1950's until a period after the 1979 will was executed. On the other hand, in 1974, Jones executed a will leaving everything to family members. In December of 1978, Jones gave the 1974 will to his nephew for safe keeping, where it remained until after Jones' death. The trial court properly concluded that Jones, while still in good health in late 1978, intended to leave his property to his relatives, except nephew Jerry Rohl. In 1979, Jones' health deteriorated considerably and he lost some sixty pounds. For years Jones had told various people that the Thompsons were never to get his bank stock. Yet in his November 1979 will Jones left his bank stock, coin collection, and silver bars to Thompson.

The trial court was unable to determine to what extent the undue influence of Thompson affected the 1979 will and deter-

mined that it was not practicable to separate the valid from the invalid. In other words, the court found that appellant failed to prove that Jones would have revoked his 1974 will and disinherited his relatives, absent the undue influence of Thompson.

In *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970), this court stated:

> In applying the clearly erroneous standard we must bear in mind that our function is not to decide factual issues de novo. The question for the appellate court is not whether it would have made the same findings the trial court did, but whether on the entire evidence it is left with a definite and firm conviction that a mistake has been committed. *Id.* 181 N.W.2d at 459.

Having reviewed the entire record of both trials with due regard for the trial court's ability and opportunity to weigh the credibility of the witnesses, we are unable to say that the trial court's findings on this issue are clearly erroneous.

■ Over objection by appellant, the trial court received opinion evidence from attorney witnesses Ross H. Oviatt and Lloyd J. Mahan on the subject of partial validity. Mr. Oviatt has been an attorney since 1941. During the past ten years about thirty to forty percent of his law practice has involved probate matters. He has served as a regent and as a member of the Board of Governors in the American College of Probate Council. Mr. Mahan, at the time of trial, had been a South Dakota lawyer for thirty-three years. He estimated that he had spent about three hundred hours per year during the last ten years on estate planning and estate administration. During his legal career, he had also handled will contests as a probate judge.

The experts testified in substance that the entirety of the 1979 will was tainted by the undue influence of Thompson and that the invalid provisions were inseparable from the valid provisions. They further testified that the 1979 will, excluding the bequest to Thompson, could not be probated without defeating Jones' intent and without injustice to the other heirs. Appellant contends that the testimony amounted to conclusions of law because it invaded the province of the court.

The general rule relating to the scope of expert testimony is found in SDCL 19–15–2:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The propriety of allowing opinion testimony on questions of law is discussed in 31 Am.Jur.2d *Expert and Opinion Evidence* § 69 (1967):

> The rule prohibiting a witness from presenting his opinion on a question of law is applicable to both expert and nonexpert witnesses.... But in cases submitted to a court without a jury, the rule excluding opinion testimony involving questions of law may be relaxed since in such case the court must decide questions both of fact and of law.

The testimony presented no doubt assisted the trier of fact in understanding the relationship of the various will provisions and their effect upon one another. At the same time the court was free to reject the testimony if it was unreasonable. We are unable to say that the trial court abused its discretion by receiving this testimony.

■ Finally, appellant claims prejudicial error because the trial court denied his offered rebuttal testimony. Appellant requested a continuance in order to recall attorney Richard Hagerty who drafted the 1979 will for Jones. If allowed to testify, Hagerty would have stated that, without any direction from Jones or anyone else, he drafted the 1979 will giving preferred status to the bank stock. Such testimony, argues appellant, would have established that Thompson's undue influence could not have tainted that portion of the 1979 will.

Considering the offered testimony together with Mr. Hagerty's prior testimony in both trials, we are unable to see how this additional evidence would have changed the result. Attorney Hagerty testified at length about conversations with Jones concerning the 1979 will. The offered rebuttal testimony was largely cummulative. We are unable to say the trial court abused its discretion by denying a continuance. Appellant has failed to demonstrate that a substantial right has been affected and that the error was prejudicial. SDCL 19–9–3, *K & E Land and Cattle, Inc. v. Mayer*, 330 N.W.2d 529 (S.D.1983).

The judgment is affirmed.

FOSHEIM, C.J., and WOLLMAN, MORGAN and HENDERSON, JJ., concur.

JOHNSON, Circuit Judge, sitting for DUNN, Retired Justice, disqualified.