#25933-r-GAS

**2011 S.D. 54**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ALTO TOWNSHIP                                    Plaintiff and Appellee,

v.

KEITH MENDENHALL and
LISA MENDENHALL,                                 Defendants and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JON S. FLEMMER
Judge

* * * *

KAY F. NIKOLAS,
Sisseton, South Dakota                           Attorney for plaintiff
                                                 and appellee.


GORDON P. NIELSEN
Delaney, Vander Linden,
    Delaney, Nielsen, & Sannes, P.C.
Sisseton, South Dakota                           Attorneys for defendants
                                                 and appellants.


* * * *

CONSIDERED ON BRIEFS
ON AUGUST 23, 2011

OPINION FILED **09/07/11**

#25933

SEVERSON, Justice

[¶1.]     On August 20, 2010, the trial court issued an order requiring Keith and Lisa Mendenhall (the Mendenhalls) to comply with the provisions of a county resolution before erecting and maintaining a fence or gate across a section-line highway stretching between two sections of the Mendenhalls' property. After the Mendenhalls installed a fence and gate across the section-line highway, Alto Township brought a motion for contempt citation, alleging that the Mendenhalls failed to comply with the trial court's order. The trial court found the Mendenhalls in contempt of court. We reverse.

## Background

[¶2.]     Keith and Lisa Mendenhall are ranchers who own property in Sections 16 and 17 of Alto Township in Roberts County. A section-line highway separates the two parcels of land.[1] The Mendenhalls' barn and cattle watering facilities are located in Section 17 but their cattle's winter pasture is located in Section 16. The Mendenhalls have historically fenced across the section-line highway during the late fall and winter months in order to join the adjacent pastures. Gates were installed at those points where the fence crossed the section-line highway.

[¶3.]     On October 9, 2009, Alto Township filed an action for declaratory and injunctive relief against the Mendenhalls. It sought a declaration that the section-line highway between Sections 16 and 17 of Alto Township was an improved

---

1.     SDCL 31-18-1 established a public highway along every section line in the state except where some portion has been "vacated or relocated by the lawful action of some authorized public officer, board, or tribunal."

highway as described in SDCL chapter 31-25. Alto Township further requested an injunction requiring the Mendenhalls to remove the fences that extended across the section-line highway.[2]

[¶4.]        While the matter was pending, the Mendenhalls filed a petition with the Roberts County Board of Commissioners pursuant to SDCL 31-25-1, seeking permission to place fences across the section-line highway.[3] On December 8, 2009, the Roberts County Board of Commissioners passed Resolution #09-41 (Resolution 09-41). The resolution authorized Keith Mendenhall and his successors to erect and

---

2.    Private citizens cannot lawfully obstruct improved section-line highways absent legal authority to do so. *Douville v. Christensen*, 2002 S.D. 33, ¶ 11, 641 N.W.2d 651, 654 (citing *Lawrence v. Ewert*, 21 S.D. 580, 114 N.W. 709, 710 (1908); *K & E Land & Cattle, Inc. v. Mayer*, 330 N.W.2d 529, 532 (S.D. 1983)). *See* SDCL 31-25-1.1 (permitting the placement of fences on a section line that has not been "altered from its natural state in any way for the purpose of facilitating vehicular passage," provided that gates are installed to permit suitable public access).

3.    Under certain circumstances, SDCL 31-25-1 gives the board of county commissioners the authority to authorize the erection of fences across section-line highways. SDCL 31-25-1 provides:

> The board of county commissioners of any county having within its boundaries, any county, township, or section-line highway not included in § 31-25-1.1 extending or running through or across grazing land, may, upon petition, signed by a majority of the adjacent landowners along the portion of such highway involved, and after a hearing is had, on notice mailed by the county auditor to all of said landowners, not less than ten days before such hearing, authorize such landowners to erect and maintain fences across such highway. However, the board of county commissioners shall require the erection of gates or grates, or both, in such fences at points designated by the board, so that the public may have access to the highway.

maintain fences across the section-line highway, provided that he "installs and maintains a sixteen foot cattle guard (auto grate) and that he installs and maintains pipe gates of an additional thirty-foot width with reflectors mounted on the pipes of the gates, so that the public will have reasonable vehicular and agricultural equipment access to the roadway lying within the section line highway."

[¶5.]     On August 20, 2010, a trial was held on Alto Township's action for declaratory and injunctive relief.  In a judgment and order entered August 30, 2010, the trial court declared that the section line between Section 16 and 17 was an improved section-line highway.  The trial court further ordered that the Mendenhalls were enjoined from erecting and maintaining fences or gates across the section-line highway unless the fences and gates met the criteria of Resolution 09-41.

[¶6.]     Following entry of the trial court's order, the Mendenhalls ordered two sixteen foot cattle guards from Hilltop Fencing, a company that regularly manufactures cattle guards.  After the cattle guards were manufactured, the Mendenhalls installed them across the section-line highway.  The cattle guards measured sixteen feet, four inches in total width with just over ten feet of width in the area where traffic passes over.[4]  The Mendenhalls also installed pipe gates of an

---

4.     SDCL 31-25-5 defines the minimum dimensional requirements of livestock guards extending across section-line highways.  SDCL 31-25-5 provides:

    All livestock guards shall be at least ten feet wide on the ground.
    In addition, at one side of such livestock guard there shall be
                                    (continued . . .)

additional thirty-foot width across the section-line highway. Warning signs and reflectors were mounted on the pipes of the gates in accordance with Resolution 09-41.

[¶7.] Alto Township brought a motion for contempt citation against the Mendenhalls on November 9, 2010, alleging that the Mendenhalls willfully and contumaciously failed to comply with the trial court's August 30, 2010 order. While the matter was pending, the Roberts County Board of Commissioners considered the issue of whether Mendenhalls complied with Resolution 09-41 at a regularly scheduled meeting on January 18, 2011. By resolution duly passed on January 18, 2011, the Roberts County Board of Commissioners determined that the Mendenhalls had complied with Resolution 09-41. The January 18, 2011 resolution authorized the Mendenhalls to "maintain the existing cattle guards, gates, and fences, as they are currently constructed" across the section-line highway.

[¶8.] The trial court heard Alto Township's motion for contempt citation on January 24, 2011. The trial court entered its findings of fact and conclusions of law and order on February 15, 2011. Despite the Roberts County Board of Commissioner's determination that the Mendenhalls complied with Resolution 09-41, the trial court found that the Mendenhalls "willfully and contumaciously failed and refused to comply with the trial court's order by installing cattle guards that

---

(. . . continued)

> provided or constructed a gate, at least twenty feet wide to accommodate the passage of teams, and wider vehicles.

The cattle guards the Mendenhalls installed on the section-line highway complied with the provisions of SDCL 31-25-5.

did not comply with the width requirements of the resolution." The trial court determined that Resolution 09-41 required the Mendenhalls to install cattle guards that were sixteen feet in width in the area where traffic passed over. Because the cattle guards installed by the Mendenhalls had a width of only ten feet in the area where traffic passed over, the trial court concluded that the Mendenhalls were in contempt of its August 30, 2010 order. The trial court ordered that the Mendenhalls could purge themselves of the contempt citation by removing the cattle guards by June 1, 2011. If the Mendenhalls desired to maintain fences and gates across the section-line highway, the cattle guards had to be "sixteen feet in width as measured on the ground where vehicles will pass over them. . . ."

## Standard of Review

[¶9.]     "'We will not set aside a trial court's findings of fact unless they are clearly erroneous.'" *Keller v. Keller*, 2003 S.D. 36, ¶ 8, 660 N.W.2d 619, 622 (quoting *Harksen v. Peska,* 2001 S.D. 75, ¶ 9, 630 N.W.2d 98, 101). However, "[w]e review conclusions of law under a *de novo* standard, with no deference to the trial court's conclusions of law." *Harksen*, 2001 S.D. 75, ¶ 9, 630 N.W.2d at 101 (citing *Mid-Century Ins. Co. v. Lyon*, 1997 S.D. 50, ¶ 4, 562 N.W.2d 888, 890; *Shedd v. Lamb*, 1996 S.D. 117, ¶ 17, 553 N.W.2d 241, 244).

[¶10.]     "The appropriate remedy or punishment for contempt of court lies within the sound discretion of the trial court." *Keller,* 2003 S.D. 36, ¶ 8, 660 N.W.2d at 622 (citing *Harksen*, 2001 S.D. 75, ¶ 10, 630 N.W.2d at 101). "An abuse of discretion is 'discretion exercised to an end or purpose not justified by and clearly

against, reason and evidence.'" *State v. Big Crow*, 2009 S.D. 87, ¶ 7, 773 N.W.2d 810, 812 (quoting *State v. Machmuller*, 2001 S.D. 82, ¶ 9, 630 N.W.2d 495, 498).

## Analysis

[¶11.] **Whether the trial court erred by finding the Mendenhalls in contempt of court.**

[¶12.] "The four elements of contempt are (1) existence of an order; (2) knowledge of the order; (3) ability to comply with the order; and (4) willful or contumacious disobedience of the order." *Muenster v. Muenster*, 2009 S.D. 23, ¶ 35, 764 N.W.2d 712, 721 (citing *Johnson v. Johnson*, 451 N.W.2d 293, 295 (S.D. 1990)). In this case, the Mendenhalls acknowledge the existence of the trial court's order dated August 30, 2010. The Mendenhalls further concede that they had knowledge of the order and the ability to comply with it. They dispute only the forth element of the test. The Mendenhalls argue that they did not willfully or contumaciously disobey the trial court's order because the terms of the order were ambiguous.

[¶13.] We have said that "'[t]o form the basis for a subsequent finding of contempt, an order must state the details of compliance in such clear, specific and unambiguous terms that the person to whom it is directed will know exactly what duties or obligations are imposed upon [him or her].'" *Keller*, 2003 S.D. 36, ¶ 10, 660 N.W.2d at 622 (quoting *Harksen*, 2001 S.D. 75, ¶ 17, 630 N.W.2d at 102). Here, the trial court's order enjoined the Mendenhalls from erecting and maintaining fences and gates across the section-line highway between Sections 16 and 17 of Alto Township unless the fences and gates met the criteria of Resolution 09-41. Resolution 09-41 required that the Mendenhalls install cattle guards that measure sixteen feet. The resolution did not define whether the total width of the cattle

guards was to measure sixteen feet or whether the area of the cattle guards that vehicles could pass over was to measure sixteen feet. In light of this ambiguity, a reasonable person could conclude that the Mendenhalls complied with the trial court's order by installing two cattle guards that measured sixteen feet in total width.

[¶14.]     Alto Township contends that the requirement that the cattle guards measure sixteen feet where vehicles pass over is inferred from the intent of Resolution 09-41, which is to allow the public "reasonable vehicular and agricultural equipment access to the roadway. . . ." However, the Mendenhalls installed pipe gates with a thirty-foot width in addition to the two sixteen-foot cattle guards. The total width of the sixteen-foot cattle guards and the thirty-foot pipe gates allowed the public reasonable access to the roadway. Indeed, the Roberts County Board of Commissioners, which initially passed Resolution 09-41, determined that the Mendenhalls fully complied with Resolution 09-41.

[¶15.]     Had it been the intent of the Roberts County Board of Commissioners to require the Mendenhalls to install cattle guards that measure sixteen feet where vehicles pass over, Resolution 09-41 could have expressly so provided. In the absence of such a clear expression of intent, the trial court's order cannot serve as the basis for a finding of contempt. Accordingly, we hold that the trial court's finding of contempt was clearly erroneous.

[¶16.]     Reversed.

[¶17.]     GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and MEIERHENRY, Retired Justice, concur.

#25933

[¶18.]     WILBUR, Justice, did not participate.